PAUL L. REIN, Esq. (SBN 43053)
CELIA MCGUINNESS, Esq. (SBN 159420)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Dr., Suite A
Oakland, CA  94612
Telephone:	510/832-5001
Facsimile:	510/832-4787
reinlawoffice@aol.com

Attorneys for Plaintiff
JANICE PAYNE

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE PAYNE,<br><br>           Plaintiff,<br><br>v.<br><br><br><br><br><br><br><br><br><br><br>PERALTA COMMUNITY COLLEGE DISTRICT,<br><br>           Defendant. | CASE NO.<br><u>Civil Rights</u><br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES:**<br><br>**(1) Violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.***<br><br>**(2) Violation of the Rehabilitation Act of 1973, 29 U.S.C. § 794**<br><br>**(3) Violation of the California Disabled Persons Act (Civil Code § 54 *et seq.*; California Health & Safety Code §§ 19955 *et seq.*)**<br><br>**(4) Violation of the California Unruh Act (Civil Code § 51 *et seq.*);**<br><br>**(5) Violation of California Government Code Section 11135**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

# NATURE OF ACTION

1. Defendant PERALTA COMMUNITY COLLEGE DISTRICT ("the District") has a pattern and practice of discriminating against Plaintiff JANICE PAYNE, a person with a disability and a student at Laney College. Despite entering into a consent decree in a previous lawsuit filed by Plaintiff (*Payne v. Peralta Community College District*, Case No. 3:08-cv-03133-RS) (Docket No. 53), Defendant has not remedied architectural barriers to full and equal access; moreover, by its policies and practices it has created other barriers to full and equal access for persons with disabilities. These barriers have caused Plaintiff physical injury requiring physical therapy and emotional humiliation of suffering bodily functions accidents in public because of barriers to the restroom.

2. Laney College is a program, service and activity of the District. Its discriminatory acts and omissions violated the Americans with Disabilities Act, Title II, as well as the Rehabilitation Act of 1973 and commensurate State civil rights laws.

3. As a remedy for the statutory violations described herein, Plaintiff seeks a declaration that Defendant is violating federal and State law; an injunction compelling Defendant to cease discriminating against patients with disabilities and to provide persons with disabilities equal access in its educational programs, services and activities; and statutory, actual and exemplary damages for the injuries she has suffered and will continue to suffer until Defendant changes its discriminatory behavior.

# JURISDICTION

4. This Court has jurisdiction over the claims brought under federal law pursuant to 28 U.S.C. §§ 1331 for violations of 42 U.S.C. §§ 12101 *et seq*. This Court has jurisdiction over the claims brought under California law pursuant to 28 U.S.C. § 1367.

# VENUE

5. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this District and that

Plaintiff's causes of action arose in this District.

**PARTIES**

6.     Plaintiff JANICE PAYNE is a person with a disability as defined in 42 U.S.C. § 12102, 29 U.S.C. § 705(9)(B), and California Government Code § 12926(l).  She has physical disabilities from spine and knee injuries, severe carpal tunnel syndrome in both wrists, and plantar fascitis in both feet, that limit her mobility.  She uses an electric scooter or crutches as mobility aids.  She has a disabled parking placard issued by the State of California.

7.     The District is a public entity, organized and existing under the laws of the State of California.  It owns and operates Laney College located at 900 Fallon Street, Oakland, California.  Defendant is, and was at all relevant times mentioned herein, responsible for the actions and/or inactions and the policies, procedures, practices, and customs of Laney College and its respective employees and/or agents, as well as the physical conditions at Laney College.

8.     Laney College and the educational services it provides are programs, services and/or activities of the District.  On information and belief Laney College and its facilities were built originally in 1953, but subsequently have undergone significant further construction and/or "alterations, structural repairs, or additions," subjecting them to disabled access requirements under State and federal law.  Furthermore, the District was subject to a prior lawsuit filed by Plaintiff, *Payne v. Peralta Community College District*, Case No. 3:08-cv-03133-RS, where the District agreed to remedy barriers at Laney College.  Attached as Exhibit 1 is a true and correct copy of the Settlement Agreement and Order by the Court in that case.

**FACTUAL ALLEGATIONS**

9.     Plaintiff is a Laney College student who regularly attends classes in the music building.  She has identified herself to the College as being a person with mobility disabilities and receives disabled student services.  The designated disabled-accessible entrance has two sets of entry doors.  Both are excessively heavy.  Although the interior set of doors has an automatic door opener it is often out of service.  Every time she goes into the building she experiences

difficulty.

10. On or about February 6, 2016, Plaintiff attempted to enter the Music building using the designated disabled accessible exterior doors. As usual, the doors were excessively heavy. Plaintiff strained her arm and shoulder trying to open the doors. As she crossed the threshold of the door, the door slammed into her elbow and arm again, causing her physical injury. The door also slammed into her scooter, causing minor damage to it. With difficulty, Plaintiff entered the building and attended her voice class. Shown below is a photo of the entrance Plaintiff used.



11. At the end of class, Plaintiff needed to use the restroom. She used a different set of designated accessible exterior exit doors. These doors, too, were excessively heavy. Weakened from her pervious injuries, Plaintiff could not open the doors by herself. She had to wait for assistance. By the time she was able to leave the building, she was in physical discomfort from holding her bladder and scared and anxious that she would soil herself. Shown below is a picture of the exit doors Plaintiff used.



12. Upon exiting the building Plaintiff maneuvered her chair around the corner of the exterior doors to a small concrete alcove many yards away toward the doors she initially entered to arrive at her class. There she got off her scooter, and unable to control her bladder any longer, lowered her pants, and urinated on the ground. Several students passed by her as she was doing so, to her great humiliation and embarrassment.

13. Urinating in public, though humiliating, was the least awful alternative for Plaintiff. If she had urinated in her pants, she would have had to leave school, take public transportation while smelling of urine and uncomfortable, and clean her scooter when she got home. Had Defendant complied with the law, Plaintiff would not have faced that Hobson's Choice.

14. There are no accessible restrooms in the Music building that can be reached by an accessible path of travel. Every time Plaintiff needs to use the restroom, she must leave the music building and travel across campus hundreds of feet to restrooms in either the Cafeteria or the Administration Building. There is a restroom in an adjacent building with an exterior

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

entrance, but it is always kept locked by padlock, and the handle has been removed from the door. It has not been useable for Plaintiff while she has been taking classes.

15. Within the past 6 months, Plaintiff has experienced numerous urination accidents with varying levels of severity and/or discomfort. In particular, on January 28, the first day of classes in 2016, Plaintiff was exiting the voice classroom using her two canes, could not get to the restroom fast enough and urinated on herself. A fellow student saw her in distress and asked why she was leaving. Plaintiff had to disclose that she had just urinated on herself. She was extremely humiliated that her classmate witnessed such an embarrassing event.

16. In addition to the architectural barriers that caused her physical injury, Plaintiff regularly encounters barriers which upon information and belief are violations of construction access regulations and which cause her difficulty, discomfort and embarrassment, including but not limited to the following barriers throughout campus:

- Paths of travel not accessible
- Lack of designated accessible parking
- Lack of accessibility signage
- Automatic door opener controls are broken and/or the doors shut too quickly;
- Lack of accessible classroom seating
- Lack of accessible restrooms

17. Plaintiff also intends to take acting classes in the theater building. However, when she visited the theater to see if it was accessible on or about March 18, 2016, she found there was no way to operate any of the stair lifts because there were no keys available, the lifts were locked, and there were three detached theater seats inside the platform stair lift as shown below:



18. Because of Defendant's unlawful acts or practices, Plaintiff has suffered almost daily emotional distress, including humiliation, mental anguish, attendant bodily injury, violation of her civil rights, loss of dignity, embarrassment, and otherwise sustained injury. Plaintiff continues to suffer daily emotional distress knowing that if she continues to pursue her education at Laney College, she will continue to face the same discriminatory treatment, pain and loss of dignity.

19. Defendant acted with oppression, fraud and malice, and with knowing disregard of Plaintiff's rights. Defendant was aware of its obligation to provide accessible facilities under state and federal law, as evidenced by the Settlement Agreement in *Payne v. Peralta Community College District*, Case No. 3:08-cv-03133-RS. See Exhibit 1. Defendant knew that its conduct was directed at disabled persons and that its conduct caused Plaintiff harm, entitling her to a trebling of penalties.

20. Unless enjoined, Defendant will continue to engage in the unlawful acts and the pattern or practice of discrimination described in this complaint against Plaintiff and other disabled persons. Plaintiff continues to suffer irreparable damage and thus has no adequate remedy at law. Accordingly, Plaintiff is entitled to injunctive relief as set forth below.

**FIRST CAUSE OF ACTION:**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
**42 U.S.C. § 12101** *et seq.*

21. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 - 20 above.

22. In 1990 the United States Congress made findings that laws were needed to more fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities," that "historically, society has tended to isolate and segregate individuals with disabilities," that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem," that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals," and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous." 42 U.S.C. §12101.

23. In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"), Congress stated as its purpose:

> (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
> (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;
>
> (3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and
>
> (4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b).

24. The ADA prohibits public entities from denying "a qualified individual with a disability . . . the benefits of the services, programs, or activities of [the] public entity" because of the individual's disability.  42 U.S.C. § 12132.

25. The ADA defines "a qualified individual with a disability" as a person who suffers from a "physical or mental impairment that substantially limits one or more major life activities" including, but not limited to, "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(1)(A), (2)(A).  Plaintiff is a qualified individual with a disability as defined in the ADA.

26. The programs, services, and activities that the District provides to students include, but are not limited to education, toileting facilities, eating facilities, exercise facilities, the District's administrative practices, and educational services.  Defendant's programs, services, and activities are subject to the ADA.

27. Under the ADA Defendant is not allowed to operate programs unless they are accessible to and useable by people with disabilities.  Defendant violated the ADA by denying Plaintiff accessible classrooms, restrooms, and educational facility accommodations.  Defendant was on actual notice that Plaintiff had a disability yet discriminated against her as follows:

    a. Excluding Plaintiff from participation in and denying her the benefits of the services, programs and activities of the District by failure of programmatic access, 28 C.F.R. §§ 35.130(a), 35.149, 35.150;

    b. Denying Plaintiff "the opportunity to participate in or benefit from [an] aid, benefit, or service" provided by the District, 28 C.F.R. § 35.130(b)(1)(i);

    c. Denying Plaintiff "an opportunity to participate in or benefit from the aid, benefit, or service that is equal to that afforded others," 28 C.F.R. 35.130(b)(1)(ii);

    d. Denying Plaintiff "an aid, benefit, or service that is as effective in affording equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others," 28 C.F.R. 35.130(b)(1)(iii);

    e.    Providing to Plaintiff different or separate aids, benefits, or services to individuals "than is provided to others unless such action is necessary to provide qualified individuals with disabilities with aids, benefits, or services that are as effective as those provided to others," 28 C.F.R. 35.130(b)(1)(iv);

    f.    Otherwise limiting Plaintiff in the "enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving the aid, benefit, or service," 28 C.F.R. 35.130(b)(1)(vii);

    h.    Failing to make "reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability," 28 C.F.R. § 35.130(b)(7);

    i.    Failing to administer its "services, programs, and activities in the most integrated setting appropriate to the needs of qualified individuals with disabilities," 28 C.F.R. § 35.130(d);

    j.    Failing to make available to Plaintiff and others with disabilities information about their rights under the ADA while attending Laney College, see 28 C.F.R. § 35.106;

    l.    In altering the facilities at Laney College, the District did not ensure that "[e]ach facility or part of a facility altered by, on behalf of, or for the use of a public entity in a manner that affects or could affect the usability of the facility or part of the facility shall, to the maximum extent feasible, be altered in such manner that the altered portion of the facility is readily accessible to and usable by individuals with disabilities, if the alteration was commenced after January 26, 1992." 28 C.F.R § 35.151.

28.    As a result of the District's policy and practice of discriminating against and failing to provide reasonable accommodations to students with disabilities in their services and the condition of the facilities at Laney College, Plaintiff and other persons with mobility disabilities do not have equal access to the District's activities, programs, and services for which they are otherwise qualified.

29.    Defendant's discriminatory acts, omissions, and policies were intentional. Defendant acted with deliberate disregard for the civil rights, not to mention the health and

safety, of Plaintiff. Not only did Defendant have actual knowledge that its facilities were not accessible, based on Plaintiff's prior lawsuit against it, but as an educational facility Defendant reasonably knew or should have known that a significant portion of their population would need wheelchairs for mobility. In particular, Defendant's failure to provide an accessible restroom on an accessible route in the Music Building and denying access for Plaintiff to them, and failing to maintain the Music Building exterior doors, indicate actual and implied malice toward Plaintiff, carried out by Defendant with conscious disregard for her rights and safety.

WHEREFORE, Plaintiff requests relief as outlined below.

## SECOND CAUSE OF ACTION:
## VIOLATION OF THE REHABILITATION ACT OF 1973
### [29 U.S.C. § 794]

30. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 - 29 above.

31. At all times relevant to this action, Defendant was a recipient of federal funding within the meaning of the Rehabilitation Act. As a recipient of federal funds, it is required to reasonably accommodate persons with disabilities in its facilities, program activities.

32. Plaintiff is a qualified individual with a disability as defined in the Rehabilitation Act. 29 U.S.C. § 705.

33. By its policy and practice of discriminating against and failing to reasonably accommodate patients with mobility disabilities, Defendant violated Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

34. As a result of Defendant's discrimination against and failure to provide reasonable accommodations, Plaintiff and others with disabilities do not have equal access to the District's activities, programs, and services for which they are otherwise qualified.

35. Plaintiff's injuries are ongoing so long as Defendant does not modify its policies and procedures and provide fully-accessible facilities for Plaintiff and other persons with mobility disabilities.

WHEREFORE, Plaintiff requests relief as outlined below.

**THIRD CAUSE OF ACTION:**
**VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT**
[**Civil Code § 54 et seq.; Civil Code § 55; and Health & Safety Code §§ 19955 et seq.**]

36. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 - 35 above,

37. Laney College is a public accommodation under the DPA. Civ. C. § 54.1.

38. Under the DPA, individuals with disabilities have the same right as "the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places." Cal. Civ. Code §§ 54 and 54.1.

39. Defendant violated the DPA by its acts and omissions, as follows:

   A. Failure to modify its policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, or services;

   B. Failure to construct and/or alter Defendant's facilities in compliance with state building code and state architectural requirements;

   C. Violation of the ADA, a violation of which is a violation of the DPA. Civ.C. §§ 54(c) and 54.1(d).

40. Defendant's behavior was intentional: Defendant was aware and/or was made aware of its duties to refrain from establishing discriminatory policies and barriers preventing physically disabled persons from accessing its facilities, prior to the filing of this Complaint. See Exhibit 1. In particular, Defendant's establishment of a "locked door" policy for nearby restrooms to the Music Building, and denying access for Plaintiff to them, and maintaining the Music Building exterior doors as too heavy for Plaintiff to open, indicate actual and implied malice toward Plaintiff, carried out by Defendant with conscious disregard of rights and safety.

41. Plaintiff's injuries are ongoing so long as Defendant does not modify its policies and procedures and provide fully-accessible facilities for Plaintiff and other persons with mobility disabilities.

WHEREFORE, Plaintiff requests relief as outlined below.

//

//

## FOURTH CAUSE OF ACTION:
## VIOLATION OF UNRUH CIVIL RIGHTS ACT,
## CIVIL CODE SECTION 51 *et seq.*

42. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 - 41 above.

43. The Unruh Civil Rights Act, California Civil Code 51(b), provides that:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

44. Defendant is a business establishment within the meaning of the Unruh Act. Defendant is the owner and operator of the business establishment.

45. Defendant violated the Unruh Act by its acts and omissions, as follows:

> A. Failure to modify its policies and procedures as necessary to ensure Plaintiff full and equal access to its accommodations, advantages, facilities, privileges, or services;
>
> B. Failure to construct and/or alter Defendant's facilities in compliance with state building code and state architectural requirements;
>
> C. Violation of the ADA, a violation of which is violation of the Unruh Act. Civ.C. § 51(f).

46. Defendant's behavior was intentional: Defendant was aware of and/or was made aware of its duties to refrain from establishing discriminatory policies and barriers preventing physically disabled persons from accessing their facilities, prior to the filing of this Complaint. See Exhibit 1. In particular, Defendant's establishment of a "locked door" policy for nearby restrooms to the Music Building, and denying access for Plaintiff to them, and maintaining the Music Building exterior doors as too heavy for Plaintiff to open, indicate actual and implied malice toward Plaintiff, carried out by Defendant with a conscious disregard for her rights and safety.

47. Plaintiff's injuries are ongoing so long as Defendant does not modify its policies and procedures and provide fully-accessible facilities for Plaintiff and other persons with mobility disabilities.

**FIFTH CAUSE OF ACTION:
VIOLATION OF CALIFORNIA GOVERNMENT CODE SECTION 11135**

48.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 - 47 above.

49.     Defendant receives financial assistance from the State of California.  Plaintiff is a person with a disability within the meaning of California Government Code section 11135.

50.     Defendant denied Plaintiff full access to the benefits of Defendant's programs and activities for which Defendant receives financial assistance from the State of California, and unlawfully subjected Plaintiff and other persons with disabilities to discrimination within the meaning of California Government Code section 11135(a) on the basis of their disabilities.

51.     Plaintiff's injuries are ongoing so long as Defendant does not modify its policies and procedures and provide fully-accessible facilities for Plaintiff and other persons with mobility disabilities.

**PRAYER**

1.     Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint.  Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of the Defendant as alleged herein, unless Plaintiff is granted the relief she requests.  Plaintiff and Defendant have an actual controversy and opposing legal positions as to Defendant's violations of laws of the United States and the State of California.  The need for relief is critical because the rights at issue are paramount under and laws of the United States and the State of California.

WHEREFORE, Plaintiff JANICE PAYNE prays for judgment and the following specific relief against Defendant PERALTA COMMUNITY COLLEGE DISTRICT:

2.     An order enjoining Defendant, its agents, officials, employees, and all persons acting in concert with it:

a.     From continuing the unlawful acts, conditions, and practices described in this Complaint;

    b. To provide reasonable accommodation for persons with disabilities in all its programs, services and activities at Laney College;

    c. To ensure that persons with disabilities are not denied the benefits of, or participation in, programs, services, and activities at Laney College;

    d. To modify the above-described facilities to provide full and equal access to persons with physical disabilities;

    e. To maintain such accessible facilities once they are provided;

    f. To train Defendant's employees and agents in how to accommodate the rights and needs of physically disabled persons;

    g. To implement nondiscriminating protocols, policies, and practices for accommodating persons with mobility disabilities.

3. Retain jurisdiction over the Defendant until such time as the Court is satisfied that Defendant's unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and cannot recur;

4. Award to Plaintiff all appropriate damages, including but not limited to statutory damages, general damages, special damages and treble damages in amounts within the jurisdiction of the Court, all according to proof;

5. Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by federal and state law;

6. Grant such other and further relief as this Court may deem just and proper.

Date: August 4, 2016                         LAW OFFICES OF PAUL L. REIN

                                             _____/s/ Celia McGuinness_____
                                             By CELIA MCGUINNESS, Esq.
                                             Attorneys for Plaintiff
                                             JANICE PAYNE

//

//

//

1 <u>DEMAND FOR JURY</u>

2     Plaintiff hereby demands a jury for all claims for which a jury is permitted.

3

4 Dated: August 4, 2016                             LAW OFFICES OF PAUL L. REIN

5

6                                               /s/ Celia McGuinness
                                          By CELIA MCGUINNESS
                                          Attorneys for Plaintiff
7                                            JANICE PAYNE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES