1  CELIA MCGUINNESS, Esq. (SBN: 159420)
   DERBY, McGUINNESS & GOLDSMITH, L.L.P.
2  200 Lakeside Drive, Suite A
   Oakland, CA 94612
3  Telephone: (510) 987-8878 ext 102
   Facsimile: (510) 359-4419
4  cmcguinness@dmglawfirm.com

5
   PAUL L. REIN, Esq. (SBN: 43053)
6  LAW OFFICES OF PAUL L. REIN
   200 Lakeside Drive, Suite A
7  Oakland, CA 94612
   Telephone:   (510) 832-5001
8  Facsimile:   (510) 832-4787
   reinlawoffice@aol.com
9
   Attorneys for Plaintiff
10 JANICE PAYNE

11 LOUIS A. LEONE, ESQ. (SBN: 099874)
   SHERRI S. KAISER, ESQ. (SBN: 197986)
12 LEONE & ALBERTS
   A Professional Corporation
13 2175 N. California Blvd., Suite 900
   Walnut Creek, California 94596
14 TELEPHONE: (925) 974-8600
   Facsimile:   (925) 974-8601
15 E-mail: skaiser@leonealberts.com

16 Attorneys for Defendant
   PERALTA COMMUNITY COLLEGE DISTRICT
17

18         UNITED STATES DISTRICT COURT
           NORTHERN DISTRICT OF CALIFORNIA
19

20 JANICE PAYNE,

                                    Case No. 4:16-cv-04390 MMC
21         Plaintiff,
                                    Civil Rights
22 v.
                                    CONSENT DECREE AND [PROPOSED]
                                    ORDER FOR INJUNCTIVE RELIEF
23 PERALTA COMMUNITY COLLEGE         ONLY
   DISTRICT,
24                                   Action Filed: August 4, 2016
           Defendant.
25

26

27    1.   Plaintiff Janice Payne filed a Complaint in this action on August 4, 2016, to

28 enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§

---

CONSENT DECREE AND [PROPOSED] ORDER FOR INJUNCTIVE RELIEF
Case No. 4:16-cv-04390 MMC

12101 *et seq.*, and California civil rights laws and to obtain recovery of damages for discriminatory experiences, denial of access, and denial of civil rights against Defendant Peralta Community College District (sometimes "Defendant"), relating to disability discrimination at Defendant's public accommodations as of February 6, 2016, and continuing. Plaintiff has alleged that Defendant violated Titles II of the ADA, the Rehabilitation Act of 1973, sections 51, 54, and 54.1 of the California Civil Code, and section 11135 of California Government Code by failing to provide full and equal access to the users of the facilities at 900 Fallon Street, Oakland, California, known as Laney College.

2. In order to avoid the costs, expense, and uncertainty of protracted litigation, Plaintiff and Defendant (together sometimes the "Parties") agree to entry of this Consent Decree and Order to resolve all claims regarding injunctive relief raised in the Complaint without the need for protracted litigation. Accordingly, the Parties agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims for injunctive relief.

3. Plaintiff's claims for damages, attorney fees, litigation expenses and costs have not been resolved. They will be the subject of further negotiation and/or litigation.

**JURISDICTION:**

4. The Parties to this Consent Decree and Order agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations of California Civil Code sections 51, 54, and 54.1.

WHEREFORE, the Parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provide as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

5. This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendant for injunctive relief that have arisen out of the subject Complaint.

6. The Parties agree and stipulate that the corrective work will be performed in

compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, and Americans with Disabilities Act Standards for Accessible Design, unless other standards are specifically agreed to in this Consent Decree and Order.

  a. **Remedial Measures and Administrative Procedures:** Except as otherwise provided herein, the corrective work agreed upon by the Parties to be performed at Laney College is set forth in **Attachment A**, attached and incorporated herewith. Defendant agrees to undertake all of the respective remedial measures and implement the administrative procedures as set forth therein.

  b. **Timing**: Defendant will complete each item on the schedule stated in Exhibit A. In the event that unforeseen difficulties prevent Defendant from completing any of the agreed-upon injunctive relief, Defendant or its counsel will notify Plaintiff's counsel in writing within seven (7) days of discovering the delay. Plaintiff will have thirty (30) days to investigate and meet and confer with Defendant, and to approve the delay by stipulation or otherwise respond to Defendant's notice. If the Parties cannot reach agreement regarding the delay within that time period, Plaintiff may seek enforcement by the Court.

  c. Defendant or defense counsel will notify Plaintiff's counsel when the corrective work is completed, and, whether completed not, will provide a status report to Plaintiff's counsel no later than 120 days from the Parties' signing of this Consent Decree and Order.

  d. Defendant or defense counsel will notify Plaintiff in writing at the end of 120 days from the Parties' signing of this Consent Decree and Order as to the current status of agreed-to injunctive relief, and every 90 days thereafter until all corrective measures are completed. If Defendant fails to provide injunctive relief on the agreed upon timetable and/or fails to provide timely written status notification, and Plaintiff files a motion with the Court to obtain compliance with these terms, Plaintiff reserves the right to seek additional attorney's fees for any compliance work necessitated by Defendant's failure to keep this agreement. If the Parties disagree, the parties agree to participate in a Magistrate Judge-

conducted Settlement Conference for the purposes of resolving the disputed fees. If the Settlement Conference fails to resolve the fee dispute, plaintiff may seek relief via motion for an order directing the Defendant to pay Plaintiff's counsel reasonably incurred fees.

**ENTIRE CONSENT DECREE AND ORDER:**

7. This Consent Decree and Order and **Attachment A** constitute the entire agreement between the signing Parties on the matters of injunctive relief, and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters of injunctive relief described herein.

**CONSENT DECREE AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

8. This Consent Decree and Order shall be binding on Plaintiff, Defendant, and any successors-in-interest. Defendant has a duty to so notify all such successors-in-interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

9. Except for all obligations required in this Consent Decree and Order – and exclusive of Plaintiff's continuing claims for damages, statutory attorneys' fees, litigation expenses, and costs – each of the Parties to this Consent Decree and Order, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners, and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit.

**SEVERABILITY:**

If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

10. Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

**END OF PAGE.**
**SIGNATURES CONTINUE ON THE NEXT PAGE AND ORDER IS AT THE END OF THE DOCUMENT.**

| | | |
|---|---|---|
| 1 | Dated: 01/22, 2018 | PLAINTIFF JANICE PAYNE |
| 2 | | |
| 3 | | _____ |
| 4 | | JANICE PAYNE |
| 5 | | |
| 6 | Dated: 3/13/, 2018 | DEFENDANT PERALTA COMMUNITY COLLEGE DISTRICT |
| 7 | | |
| 8 | | By: _____ |
| 9 | | Print name: Jowel Laguerre |
| 10 | | Title: Chancellor |

Approved as to form:

Dated: 1-22, 2018

LAW OFFICE OF PAUL L. REIN
DERBY, McGUINNESS & GOLDSMITH, LLP

By: _____
CELIA McGUINNESS, ESQ.
Attorneys for Plaintiff
JANICE PAYNE

Dated: March 13, 2018

LEONE & ALBERTS

By: _____
SHERRI S. KAISER, ESQ.
Attorneys for Defendant
PERALTA COMMUNITY COLLEGE DISTRICT

CONSENT DECREE AND [PROPOSED] ORDER FOR INJUNCTIVE RELIEF,
DAMAGES, AND ATTORNEY FEES, LITIGATION EXPENSES AND COSTS
Case No. 4:16-cv-04390 MMC

# ORDER

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

Dated: March 29, 2018

_Maxine M. Chesney_
Honorable Maxine M. Chesney
United States District Judge