Sloan R. Simmons, SBN 233752
ssimmons@lozanosmith.com
Steve Ngo, SBN 233317
sngo@lozanosmith.com
**LOZANO SMITH**
2001 North Main Street, Suite 500
Walnut Creek, CA 94596
Telephone: (925) 953-1620
Facsimile: (925) 953-1625

Attorneys for Defendant
PERALTA COMMUNITY COLLEGE DISTRICT

CELIA McGUINNESS, Esq. (SBN 159420)
STEVEN L. DERBY, Esq. (SBN 148372)
DERBY, McGUINNESS & GOLDSMITH, LLP
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Telephone: (510) 987-8778
Facsimile: (510) 359-4419
cmcguinness@dmglawfirm.com

Attorneys for Plaintiff
JANICE PAYNE

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE PAYNE,<br><br>    Plaintiff,<br><br>vs.<br><br>PERALTA COMMUNITY COLLEGE DISTRICT,<br><br>    Defendant. | Case No. 3:16-cv-04390-MMC<br><br>**STIPULATION AND [PROPOSED] ORDER RE: RESOLUTION OF PLAINTIFF'S MOTION FOR CONTEMPT AND RELATED CLAIMS;**<br><br>**RETENTION OF JURISDICTION:**<br><br>**FURTHER [PROPOSED] ORDERS TO PERALTA COMMUNITY COLLEGE TO REMEDIATE ACCESS BARRIERS FROM OPERATIVE CONSENT DECREE;**<br><br>**SELF-EXECUTING SANCTIONS**<br><br>Action Filed: August 5, 2016<br>Judge: Hon. Maxine M. Chesney |

## STIPULATION AND [PROPOSED] ORDER

Plaintiff Janice Payne ("Plaintiff") and Defendant Peralta Community College District ("Defendant") (collectively, "the Parties"), by and through their respective counsel of record, hereby stipulate to terms to establish compliance with the Amended Consent Decree issued in this matter.

The Parties hereby stipulate and agree as follows:

WHEREAS, Plaintiff Janice Payne filed a Complaint in this action on August 4, 2016, to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, the Rehabilitation Act of 1973, 29 U.S.C. § 794, and California civil rights laws, and to obtain recovery of damages for discriminatory experiences, denial of access, and denial of civil rights against Defendant relating to disability discrimination in Defendant's programs, services and activities as of February 6, 2016, and continuing. Plaintiff has alleged that Defendant violated Title II of the ADA, the Rehabilitation Act of 1973, sections 51, 54, and 54.1 of the California Civil Code, and section 11135 of California Government Code by failing to provide full and equal access to the users of the facilities at 900 Fallon Street, Oakland, California, known as Laney College;

WHEREAS, on March 29, 2018, the Court issued by order a Consent Decree reflecting an agreement between the Parties, Docket 26, and on October 23, 2018, the Court ordered the Amended Consent Decree, Docket 30. Both Consent Decrees contain identical terms except for the addition of an exhibit to the Amended Consent Decree;

WHEREAS, Plaintiff filed a Motion for an Order Holding Defendant in Civil Contempt ("Contempt Motion"), which was argued by the Parties and heard by the Court on May 24, 2019, at 9:00 a.m.;

WHEREAS, the Court's Order after Hearing dated May 31, 2019, Docket 45, stated that the hearing on the Contempt Motion was held and that "Parties will attempt to resolve matter" with a joint status report due on July 12, 2019;

WHEREAS, pursuant to the Court's May 31, 2019, Order, the Parties began to meet and confer efforts to reach resolution of the violations alleged in the Contempt Motion;

WHEREAS, the Parties submitted Joint Status Reports to the Court on July 12, 2019, August 9, 2019, October 1, 2019, October 15, 2019, and October 30, 2019, reporting their efforts to develop (1) a

remediation plan and timeline for compliance with the Amended Consent Decree; (2) damages owed to Plaintiff; (3) attorneys' fees owed to Plaintiff; and (4) a provision for self-executing penalties for future failure to comply;

WHEREAS, the Parties have reached agreement on each of those issues, as outlined below. Good Cause exists to enter this Stipulation and [Proposed] Order because this agreement puts Defendant in compliance with its Consent Decree obligations on the most realistically expeditious time frame; fairly compensates Plaintiff for her injuries resulting from Defendant's violation of the Amended Consent Decree and her attorney fees and costs required to enforce the Amended Consent Decree; and establishes a plan for managing future violations, should they arise, in a manner that is most cost-effective for the Parties and the Court; and

WHEREAS, for and in consideration of the mutual promises and covenants herein, and for other good and valuable consideration, the Parties have agreed to fully resolve the Contempt Motion and related claims and disputes arising from the violation of the Amended Consent Decree, which may otherwise subject the District to injunctive relief, liability for damages, penalties, fines, and attorneys' fees and costs.

THEREFORE, IT IS HEREBY STIPULATED AND FULLY AND FOREVER SETTLED by the Parties, as follows:

I. **Remediation Plan**

Defendant shall perform the following work and implement the following policies, procedures and training on the time frame specified below. All work shall be performed in compliance with the ADA Standards for Accessible Design and/or the California Building Code Title 24-2 Chapter 11B, whichever is more stringent for a given element.

|  |  | **I. BUILDING G RESTROOM** |  |
|---|---|---|---|
| A. | **Consent Decree Directive (Consent Decree Deadline)** | **Remediation** | **Timeline** |
|  | "Laney College represents that the restroom in the A Building breezeway is now open during business hours." Dkt. 30, Attach. A(I)(1)(a) | Plaintiff may opt-in to receive the bathroom key for use outside of regular business hours with reasonable notice and subject to a signed | N/A |

| | Consent Decree Directive (Consent Decree Deadline) | Remediation | Timeline |
|---|---|---|---|
| | (March 29, 2018) | statement outlining reasonable terms and conditions for use of the bathroom key, including but not limited to, promising not to abuse use of the bathroom key. | |
| B. | **Consent Decree Directive (Consent Decree Deadline)** | **Remediation** | **Timeline** |
| | "If any DSPS student reports that access to the Building G restroom causes them difficulty or discomfort or otherwise presents a barrier to equal access, DSPS will provide the student a key to the locked staff restroom adjacent to the A Building breezeway under reasonable terms and conditions." Dkt. 30, Attach. A(I)(1)(a) (March 29, 2018) | Adopt procedure which provides that if Laney College is open to the public for District or College-sponsored events outside of regular business hours, that security staff must ensure that the restroom is open for such events.<br><br>In addition, a student may independently contact DSPS, during regular business hours, to request that the restroom be open for other events. | **The District represents that Remediation Item was COMPLETED on August 27, 2019.** |

## II. THEATRE BUILDING

| | Consent Decree Directive (Decree Timeline for Completion) | Remediation | Timeline |
|---|---|---|---|
| A. | "The Theatre Building chair lift will be kept unlocked at all times, allowing people with disabilities independent access<br><br>"The Theater Building chair lift locking mechanism will now be placed on 'by pass' mode to facilitate access for disabled persons." Dkt. 30, Attach. A(II)(2)(b) (March 29, 2018) | 1. The lifts will be independently operable at all times.<br><br>2. The Director of Facilities and College Operations will be responsible for responding to a request for assistance with the lifts. The police officer on duty is the back-up person responsible. They shall each be directed to be on call to assist in use of the chair lift.<br><br>3. The phone numbers for the Director of Facilities and College Operations and police dispatch on call shall be | **The District represents that Remediation Items 2 and 3 were COMPLETED on August 19, 2019.**<br><br>**The District represents that Remediation Item 1 was COMPLETED on September 20, 2019.**<br><br>**The District represents that Remediation Items 4 and 5 were COMPLETED on November 6, 2019.**<br><br>*The District represents that the lifts were converted to keyless operation on November 6, 2019.* |

STIPULATION AND [PROPOSED] ORDER RE: RESOLUTION OF MOTION FOR CONTEMPT

4

Payne v. Peralta Community Coll. Dist.
Case No.: 3:16-CV-04390-MMC

| | | | |
|---|---|---|---|
| | | posted at both the upper and lower points of entry of each lift for the purposes described above.<br><br>4. These two individuals will be directed to acknowledge receipt of the within five minutes of being noticed; the individual or their designee will be on the scene within 15 minutes.<br><br>5. Revise procedures to reflect the above and direct to designated staff. | |
| B. | **Consent Decree Directive (Decree Timeline for Completion)** | **Remediation** | **Timeline** |
| | "A sign will be placed adjacent the chair lift warning that the chair lift is for exclusive use of disabled persons and that unauthorized use of the chair lift is unsafe. This placement of a permanent sign will be incorporated into the Laney College Signage Project as detailed below in Section IV. | 1. Ensure signage is placed at top and bottom of lift for each lift.<br><br>2. Ensure additional signage has been added next to the mechanism for the chair lift on the top level.<br><br>3. Ensure the platform lift and chair lift have necessary signage in all locations. | **The District represents that Remediation Items 1, 2, and 3 were COMPLETED on August 30, 2019.** |
| C. | **Consent Decree Directive (Decree Timeline for Completion)** | **Remediation** | **Timeline** |
| | "Door No. TH 114 will be replaced and fitted with ADA paddles.<br>Appropriate signage will be affixed to this door<br>Dkt. 30, Attach. A(II)(2)(d) (March 29, 2018) | 1. Add signage that reads: "If the doors are not operating properly, the Laney Business Office, Facilities Specialist will be contacted at 510-599-9411 to place a service work order to mitigate the door issues." | **The District represents that Remediation Item 1 was COMPLETED on August 5, 2019.** |

| | | 2. Repair Doors | The District represents that Remediation Item 2 was COMPLETED on September 11, 2019. |
|---|---|---|---|
| | | **III. MUSIC ROOM** | |
| **A.** | **Consent Decree Directive (Decree Timeline for Completion)** | **Remediation** | **Timeline** |
| | Room G 189A (music performance classroom): "remove all architectural barriers to access to the area in and around the piano to ensure that students with mobility disabilities can perform at the piano in the same manner as able-bodied students. A schematic of the agreed remediation is attached as Exhibit 1." Dkt. 30, Attach. A(II)(2)(e) (January 22, 2018) | Complete construction of Amended Diagram 1, a copy of which is attached hereto as Exhibit A to this Stipulation. | The District represents that this Remediation Item was COMPLETED on August 29, 2019. |
| | | **IV. DOORS** | |
| **A.** | **Consent Decree Directive (Decree Timeline for Completion)** | **Remediation** | **Timeline** |
| | "[H]ire an outside contractor to repair [as] necessary and maintain the exterior and ADA paddled doors [the 'Master Door Contract.'] Dkt. 30, Attach. A(III)(2)(a) (February 28, 2018) | 1. All covered doors subject to the Consent Decree have been identified through a survey., A list of doors subject to these "doors provisions," is attached hereto as Exhibit B to this Stipulation. Doors governed by these doors provisions include ADA paddled doors and doors which provide access to the public, e.g., classrooms, administrative areas, bathrooms, and other public spaces. Defendant represents that the Door List at Exhibit B identifies all such doors on the campus. | The District represents that Remediation Item 1 was COMPLETED on August 30, 2019. |

STIPULATION AND [PROPOSED] ORDER RE: RESOLUTION OF MOTION FOR CONTEMPT

6

Payne v. Peralta Community Coll. Dist. Case No.: 3:16-CV-04390-MMC

LOZANO SMITH
2001 North Main Street, Suite 500, Walnut Creek, CA 94596
Tel 925-953-1620 Fax 925-953-1625

| | Consent Decree Directive (Decree Timeline for Completion) | Remediation | Timeline |
|---|---|---|---|
| | | 2. Until a 3-year contract to comply with this provision of the Consent Decree is adopted, Defendant shall deploy interim designees or contractors to inspect, maintain, and repair doors identified in Exhibit B as provided in the Consent Decree | The District represents that Remediation Item 2 was COMPLETED on September 30, 2019. |
| | | 3. District to evaluate the feasibility of making all subject doors ADA paddled doors. | The District represents that Remediation Item 3 was COMPLETED on September 30, 2019. |
| | | 4. Doors identified through the inspection in Item 1 to require repair shall be repaired consistent with section IV.D below. | Remediation Item 4 shall be repaired by **December 31, 2019.** |
| B. | Consent Decree Directive (Decree Timeline for Completion) | Remediation | Timeline |
| | "[T]he doors numbered G171, G 190 and the door to the women's restroom in the cafeteria will be given priority for compliance within the schedule of work within the Master Door Contract currently on-going." Dkt. 30, Attach. A(III)(2)(b) (February 28, 2018) | 1. Make Door G170-191 paddled and operational. | The District represents that Remediation Item 1 was COMPLETED on October 31, 2019. |
| | | 2. Make women's restroom door in cafeteria operational. | The District represents that Remediation Item 2 was COMPLETED on August 29, 2019. |
| | | 3. Relocate button on women's restroom door in cafeteria and make door operational. | The District represents that Remediation Item 3 was COMPLETED on October 31, 2019. |
| C. | Consent Decree Directive (Decree Timeline for Completion) | Remediation | Timeline |
| | "PERALTA will retain, on a three-year contract cycle, an outside contractor to inspect, repair, and maintain for the purposes of ADAAG and | 1. Adopt 3-year door inspection, maintenance, and repair contract as provided in the Consent Decree. The contract will cover the doors | The District represents that this Remediation Item was COMPLETED on October 31, 2019. |

STIPULATION AND [PROPOSED] ORDER RE: RESOLUTION OF MOTION FOR CONTEMPT

7

Payne v. Peralta Community Coll. Dist.
Case No.: 3:16-CV-04390-MMC

LOZANO SMITH
2001 North Main Street, Suite 500, Walnut Creek, CA 94596
Tel 925-953-1620  Fax 925-953-1625

| | | | |
|---|---|---|---|
| | Title 24 compliance, the Exterior and ADA paddled doors on the Laney College Campus."<br>Dkt. 30, Attach. A(III)(1)(b) (February 28, 2018) | identified in Exhibit B of this Stipulation:<br><br>(a) To inspect, maintain and repair such doors on a <u>quarterly basis</u>, in addition to repairs and maintenance issues that are brought to its attention at other times;<br><br>(b) Check the door pressure, opening force and closing speed of such doors on a <u>monthly</u> basis; and<br><br>(c) Repair and/or adjustment of such doors shall be performed <u>within four hours of receiving notice, and in no case later than one business day following the report of any such door being out of compliance</u>, except in situations when relevant parts are not readily available. | |
| **D.** | **Consent Decree Directive (Decree Timeline for Completion)** | **Remediation** | **Timeline** |
| | "PERALTA agrees that the repair and/or adjustment of ADA paddled doors and exterior steel doors shall be performed within four hours of receiving notice, and in no case later than one business day following the report of an ADA paddled or exterior door being out of compliance, except in situations when relevant parts are not readily available."<br>Dkt. 30, Attach. A(III)(1)(e) (February 28, 2018) | 1. Adopt procedure to perform all repairs and/or adjustments of ADA paddled doors and exterior steel doors within four hours of receiving notice, and in no case later than one business day following the report of an ADA paddled or exterior door being out of compliance, except in situations when relevant parts are not readily available.<br><br>2. Adopt procedure that streamlines connection to vendor to repair door when notice is provided; all designated employees, such as facilities and maintenance staff, as well as vendors, who | **The District represents that Remediation Item 1 was COMPLETED on May 14, 2019.**<br><br>**The District represents that Remediation Items 2 and 3 were COMPLETED on November 6, 2019.** |

| | | | |
|---|---|---|---|
| | | receive notice of malfunctioning door, must understand the importance of prioritizing repair of the door and must in fact prioritize door repair.<br><br>3. Any failure to comply with the letter of this requirement shall be documented in real-time.<br><br>4. Train designated employees and vendors on the above procedures. | Remediation Item 4 completed by **November 30, 2019**. |
| **V. SIGNAGE** | | | |
| A. | **Consent Decree Directive (Decree Timeline for Completion)** | **Remediation** | **Timeline** |
| | "[U]pdate disabled access signage and other signage on the Laney College Campus." Dkt. 30, Attach. A(IV)(1)(a) (April 30, 2018) | Sally Swanson or other Defendant-designee shall conduct a walk-through of the campus to certify the previously designed campus-wide GNU signage package complies with accessibility standards. A copy of this certified signage package shall be attached to this Stipulation as Exhibit C. | **The District represents that the walk-through was COMPLETED on September 5, 2019.**<br><br>**The District represents that transmittal of the Sally Swanson-certified signage package, Exhibit C to this Remediation Plan, was COMPLETED on October 4, 2019.**<br><br>Install signage provided in Exhibit C by **March 20, 2020**. |
| **VI. SWIMMING POOLS** | | | |
| A. | **Consent Decree Directive (Decree Timeline for Completion)** | **Remediation** | **Timeline** |
| | "[M]aintain the swimming pool lift in working order." Dkt. 30, Attach. A(V)(1)(a) (March 29, 2018) | Install working, compliant lifts for both pools. | **The District represents that this Remediation Item was COMPLETED on November 6, 2019.** |

| | VII. ELEVATORS | | |
|---|---|---|---|
| A. | Consent Decree Directive (Decree Timeline for Completion) | Remediation | Timeline |
| | "Until the elevators in the Tower Building are replaced, PERALTA shall establish a maintenance policy to check the closing speed of the Tower elevator doors on a monthly basis for the purposes of maintaining such doors in compliance with the ADA and/or Title 24, whichever is more stringent." Dkt. 30, Attach. A(III)(1)(f) (February 28, 2018) | Adopt "gold level" service contract for elevators, which provides for frequent inspection, maintenance, and repair. | The District represents that this Remediation Item was COMPLETED on September 20, 2019. |

## II. Plaintiff's Damages and Attorneys' Fees and Costs

Defendant shall pay $215,000.00 (two-hundred fifteen thousand and zero dollars) to Plaintiff in full compensation for Plaintiff's personal injuries of any kind arising from Defendant's alleged failure to comply with the Amended Consent Decree or any law governing the same, and in compensation for Plaintiff's attorneys' fees and costs reasonably expended in enforcing the Amended Consent Decree through the date of the full execution of this Stipulation. The check shall be delivered to Plaintiff's counsel on or before November 27, 2019. Failure to do so shall be deemed a violation of this Stipulation and [Proposed] Order to which Liquidated Sanctions, *infra*, shall apply.

In addition, Defendant shall pay any and all outstanding fees claimed by ADR Services and/or Justice Lambden for his work in assisting the resolution of these issues incurred on or after October 14, 2019 through November 13, 2019.

## III. Release of Claims

Plaintiff agrees to accept said conditions in this Stipulation and [Proposed] Order in full settlement and compromise of the Contempt Motion and related claims and further agrees that same shall fully and forever discharge and release all claims and causes of action, whether now known or now unknown, including but not limited to under Title II of the Americans with Disabilities Act (42 U.S.C. §§ 12131 et seq.), § 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794), California Government Code § 11135, and California's Unruh Civil Rights Act (California Civil Code § 51 *et seq.*), and Disabled

Persons Act (Civil Code section 54 *et seq.*), which Plaintiff has, or might have or could have asserted, against the District, its officials, employees, representatives or agents, by way of the Contempt Motion or arising out of the incidents which are the subject thereof, including but not limited to any injunctive relief, monetary damages, penalties, fines, attorneys' fees and costs.

**Civil Code section 1542.** This Stipulation and Agreement includes an express waiver by the Parties of California Civil Code section 1542, which states:

> *A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.*

Therefore, the Parties expressly acknowledge that this release is intended to include in its effect, without limitation, all claims and causes of action that they do not know or suspect to exist in their favor arising out of the Contempt Motion or the incidents which are the subject thereof; and that this release contemplates the extinguishment of all such claims and causes of action.

Except as separately agreed by the Parties in this Stipulation and [Proposed] Order, and otherwise set forth herein, Plaintiff and Defendant shall bear their own costs and attorneys' fees.

It is understood and agreed that this Stipulation and [Proposed] Order is a compromise of disputed claims and that nothing herein shall be construed as an admission of liability by any Party, or as a finding of contempt against Defendant. The Contempt Motion is fully settled and resolved.

### IV. Liquidated Sanctions

The Parties agree that it is in their mutual interest to establish liquidated sanctions for failure to comply with this Stipulation and [Proposed] Order and to fully account for any related future claims by Plaintiff arising from violation of the Amended Consent Decree and this Stipulation and [Proposed] Order during the term of this Agreement in order to prevent future lengthy and expensive disputes over the nature and extent of any further injunctive relief, monetary damages, penalties, fines, attorneys' fees and costs ("sanctions") for violation of the Amended Consent Decree and this Stipulation and [Proposed] Order. Therefore, the Parties agree:

A. For each day or partial day that Defendant is out of compliance with any provision of the Remediation Plan above, Defendant will pay $100.00 (one hundred dollars) to the Court

and separately, if Plaintiff is enrolled as a student at the time of the violation, $200.00 (two hundred dollars) to Plaintiff. The total daily payment by Defendant will be $300 (three hundred dollars) regardless of how few or how many provisions of the Remediation Plan stand in violation.

B. Defendant must provide proof of compliance with the Remediation Plan on or before each of the deadlines provided in the Remediation Plan. Failure to provide proof of compliance on any given item shall constitute a separate violation of the Remediation Plan.

C. The Parties agree that this [Proposed] Order approving the Remediation Plan shall supersede the terms of the Amended Consent Decree to the extent stated in this Stipulation and [Proposed] Order, such that compliance with the Remediation Plan shall constitute compliance with the Amended Consent Decree. The Parties expressly acknowledge that the status report requirements of Paragraph 6(d) of the Amended Consent Decree. Therefore, the Parties agree that any sanction paid to Plaintiff under this provision would be compensatory for Defendant's continued violation of her civil rights; and that any sanction paid to the Court would be compensatory for Defendant's failure to comply with the Amended Consent Decree as amended by this Stipulation.

D. Defendant acknowledges that it has agreed to the scope of remediation and the schedule under the Remediation Plan for purposes of complying with the Amended Consent Decree, and its agreement constitutes an acknowledgment that it is capable of complying with the Court's Order herein. Defendant's failure to comply with this remedial Order would, for each day or partial day of noncompliance, comprise an intentional failure to act in a way which hinders or obstructs the court in its administration of justice in this matter. The Parties further agree that the sanction is coercive, in that the sanction will cease as soon as Defendant comes into compliance with the Remediation Plan.

E. For each period that Defendant sanctions are triggered under this Stipulation and Agreement, payment of Plaintiff's sanctions is due in full in the office of Plaintiff's Counsel within 30 days of Defendant coming into compliance with the Remediation Plan.

STIPULATION AND [PROPOSED] ORDER RE: 12 Payne v. Peralta Community Coll. Dist.
RESOLUTION OF MOTION FOR CONTEMPT Case No.: 3:16-CV-04390-MMC

| | | Payment of the Court's Sanctions is due in full in the office of the Court Clerk within 30 days of Defendant coming into compliance with the Remediation Plan. Failure to pay sanctions when due constitutes an independent violation of this Agreement, for which the daily sanctions apply as specified in Section A. |
|---|---|---|
| 5 | F. | The Parties further agree that this section is intended to be self-executing. In case of dispute over whether Defendant violated the Remediation Plan, the burden to establish compliance and/or that it did not have fair notice lies with Defendant. Defendant is not precluded from raising defenses to a claim of violation, including but not limited to 28 C.F.R. § 35.133, "isolated or temporary interruptions in service or access due to maintenance or repair." However, nothing in this section is intended to reduce Defendant's obligations under the Remediation Plan. Either Party may request a mutually agreeable neutral party ("Neutral") to determine whether Defendant violated any provision of the Remediation Plan for purposes of this section. The Neutral shall be Justice James Lambden unless he is not available. If the Parties cannot agree upon a Neutral within two weeks of one Party giving notice to the other that a Neutral is necessary, the Parties will turn to the Court to select a Neutral. |
| 17 | G. | Any Party's request for resolution of a dispute over whether Defendant has violated the Remediation Plan must be resolved by the Neutral within 30 days from the date of the request, unless the Parties agree in writing to an extension. The decision of the mutually-agreed Neutral shall be final. The Parties shall reduce the Neutral's decision to a stipulation and proposed order to be submitted for the Court's signature. All costs for the Neutral to perform services pursuant to this section shall be borne solely by Defendant. |
| 23 | H. | The foregoing provisions shall govern any future allegation, claim, complaint, or dispute by Plaintiff for injunctive relief, damages, penalties, fines, and or attorneys' fees related to any violation of the terms of the Remediation Plan or the Amended Consent Decree; the purpose of the Stipulation and Agreement is to avoid any further litigation between the Parties over the Remediation Plan and the Amended Consent Decree, including by |

way of a contempt motion or another civil suit for injunctive relief, damages, penalties, fines, and/or attorneys' fees.

I. By signing below, Plaintiff represents that she does not know, and is not aware, of any experiences or circumstances which may constitute discrimination on the basis of disability, as a result of which she could or intends to file or initiate another civil suit or legal proceeding of any kind against Defendant for injunctive relief, damages, penalties, fines, and/or attorneys' fees.

J. In the event that Plaintiff knows or becomes aware of any experiences or circumstances which may constitute discrimination against her on the basis of disability that is not covered by this, she will provide Defendant with not less than 30 days' notice before she files or initiates another civil suit or legal proceeding of any kind against Defendant for disability discrimination claims, including injunctive relief, damages, penalties, fines, and/or attorneys' fees.

V. **Attorneys' Fees, Litigation Expenses and Costs**

The attorneys' fees provision of the Amended Consent Decree shall apply to this Stipulation and [Proposed] Order, so that actions taken by Plaintiff's Counsel reasonably necessary to enforce this Stipulation and [Proposed] Order and/or the Amended Consent Decree shall be compensable. Any disputes over fees and costs will be resolved by the Neutral or the Court.

VI. **JURISDICTION AND DURATION OF COURT'S ORDER**

The terms of the Amended Consent Decree as amended by this Stipulation and [Proposed] Order shall be in effect for five years from the date of the Court's signature on the [Proposed] Order. The Court shall retain jurisdiction to enforce the terms of this Order.

VII. **VOLUNTARY AGREEMENT**

Each Party affirms and acknowledges that she/he/it has read, fully appreciates, and understands the words, terms, and provisions of this Stipulation and Agreement, is entirely satisfied with the settlement described, and has duly executed this Agreement voluntarily and of her/his/its full free will and accord. Each Party had an opportunity to review and consult with their respective legal counsel on this matter.

IN WITNESS WHEREOF the Parties hereto have executed the Stipulation and Agreement as dated below.

Dated: November 15, 2019

DEFENDANT

_____
Regina Stanback Stroud, Ed.D.
Chancellor
PERALTA COMMUNITY COLLEGE DISTRICT

Dated: November 14, 2019

PLAINTIFF

_____
JANICE PAYNE

IT IS SO STIPULATED.

Dated: November 15, 2019

Respectfully submitted,

**LOZANO SMITH**

/s/ *Steve Ngo*
_____
Sloan R. Simmons
Steve Ngo
Attorneys for Defendant
PERALTA COMMUNITY COLLEGE DISTRICT

Dated: November 14, 2019

Respectfully submitted,

**DERBY, McGUINNESS & GOLDSMITH, LLP**

_____
Celia McGuinness
Steven L. Derby
Attorneys for Plaintiff
JANICE PAYNE

STIPULATION AND [PROPOSED] ORDER RE: RESOLUTION OF MOTION FOR CONTEMPT

15

Payne v. Peralta Community Coll. Dist.
Case No.: 3:16-CV-04390-MMC

**[PROPOSED] ORDER**

Pursuant to the stipulation and agreement of the Parties, and for good cause shown,

IT IS SO ORDERED.

Dated: November 26, 2019

Honorable Maxine M. Chesney
Senior United States District Judge

STIPULATION AND [PROPOSED] ORDER RE: RESOLUTION OF MOTION FOR CONTEMPT

16

Payne v. Peralta Community Coll. Dist.
Case No.: 3:16-CV-04390-MMC